DEGENHARDT V. BILLINGS.

**Warranty Horse as Sound and Adapted to Family Use Not Available for Damages Suffered in a Runaway, After Vicious Disposition of Horse is Known.**

> The warranty of a horse as sound and a good family horse is not available to the purchaser as a basis for damages resulting from his running away, where the purchaser from personal experience became aware of the vicious disposition of the horse before the runaway occurred.

ERROR to common pleas court.

*H. C. Busch*, for plaintiff in error.
*Powell & Smiley*, for defendant in error.

**SWING, J.**

This was an action in the court of common pleas to recover damages resulting from a horse running off, which horse Billings had sold to Degenhardt, and which Degenhardt claims Billings represented to be a sound horse and a good family horse. The horse ran away, breaking up the coupe and harness and dangerously wounding Degenhardt's wife. The damages claimed were $1,000, of which amount $25 was for medical services for the horse.

Degenhardt testified that in buying the horse he relied on the representations of Billings as to the horse being a good family horse and that the horse was sound. He says he drove him three times; that the first time he drove him he found the horse to be a hard puller on the bit, always wanting to break

Degenhardt v. Billings.

from a jog trot into a gallop. On page 25 of the bill of exceptions, Degenhardt testified as follows:

"Q. And you found then after the second or third time you drove him, he was not a family horse? A. That is what I found out; yes, sir.

"Q. He was not a good driving horse? A. No, sir; he was not.

"Q. He would be dangerous for anybody? A. Dangerous horse to drive.

"Q. You knew that? A. Yes, sir."

This information came to Degenhardt before the horse ran away. He did not then rely on the statements of Billings as to the horse being a family horse or as a horse being sound. He had by actual experience found out that the horse was a dangerous and unsafe horse to drive, and knowing the horse to be unsafe and dangerous, he must be held to have assumed all the risk of any damage to himself which occurred by reason of the dangerous character of the horse.

This being the only ground for recovery stated in the petition, and the evidence on this point being without contradiction, the court did right in directing a verdict for the defendant at the conclusion of the plaintiff's evidence.

Judgment affirmed.

Giffen and Smith, JJ., concur.